United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 13-19202-amc
Jeffrey B. Mele                                                         Chapter 13
Kimberlee D. Mele
         Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2           User: admin              Page 1 of 2           Date Rcvd: Jan 26, 2018
                               Form ID: 3180W           Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 28, 2018.
db/jdb         +Jeffrey B. Mele,    Kimberlee D. Mele,    2761 Newark Road,    West Grove, PA 19390-9476
13221625       +ALTAIR OH XIII, LLC,    C O WEINSTEIN, PINSON, AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
                 SEATTLE, WA 98121-3132
13290135       +American InfoSource LP as agent for,    DIRECTV, LLC,   Mail Station N387,    2230 E Imperial Hwy,
                 El Segundo, CA 90245-3504
13173760       +Hill Wallack, LLP,    202 Carnegie Center,    P.O. Box 5226,    Princeton, NJ 08543-5226
13173769       +PNC Bank, N.A.,    3232 Newmark Drive,    Miamisburg, OH 45342-5421

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Jan 27 2018 01:41:28     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA 19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 27 2018 01:40:29
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 27 2018 01:40:58     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13293773       +EDI: BANKAMER.COM Jan 27 2018 01:28:00     Bank of America, N.A.,    Attn: Bankruptcy Dept.,
                 Mail Stop CA6-09-01-23,    400 Naitonal Way,    Simi Valley, CA 93065-6414
13234987        EDI: BL-BECKET.COM Jan 27 2018 01:28:00     Capital One, N.A.,    c o Becket and Lee LLP,
                 POB 3001,   Malvern, PA 19355-0701
13192497       +EDI: TSYS2.COM Jan 27 2018 01:28:00     Department Stores National Bank/Macys,
                 Bankruptcy Processing,    Po Box 8053,    Mason, OH 45040-8053
13189676        EDI: DISCOVER.COM Jan 27 2018 01:28:00     Discover Bank,    DB Servicing Corporation,
                 PO Box 3025,    New Albany, OH 43054-3025
13425359        EDI: ECMC.COM Jan 27 2018 01:28:00     ECMC,   P.O. BOX 16408,    ST. PAUL, MN 55116-0408
13292102        EDI: RESURGENT.COM Jan 27 2018 01:28:00     LVNV Funding, LLC its successors and assigns as,
                 assignee of FNBM, LLC,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
13292236        EDI: RESURGENT.COM Jan 27 2018 01:28:00     LVNV Funding, LLC its successors and assigns as,
                 assignee of Capital One, N.A.,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
13235020        EDI: PRA.COM Jan 27 2018 01:28:00     Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13226158        EDI: Q3G.COM Jan 27 2018 01:28:00     Quantum3 Group LLC as agent for,    Comenity Bank,
                 PO Box 788,    Kirkland, WA 98083-0788
                                                                                              TOTAL: 12

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 28, 2018                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 25, 2018 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    Bank Of America, N.A. agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              JEROME B. BLANK    on behalf of Creditor    Bank Of America, N.A. paeb@fedphe.com
              JOHN ERIC KISHBAUGH    on behalf of Creditor    PNC Bank, National Association jkishbaugh@udren.com,
               vbarber@udren.com
              SHERRI J. BRAUNSTEIN    on behalf of Creditor    PNC Bank, National Association
               sherri.braunstein@phelanhallinan.com, pa.bkecf@fedphe.com

```
District/off: 0313-2          User: admin              Page 2 of 2                   Date Rcvd: Jan 26, 2018
                              Form ID: 3180W           Total Noticed: 17
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        STANLEY E. LUONGO, JR.    on behalf of Joint Debtor Kimberlee D. Mele stan.luongo@luongobellwoar.com, nicole.werner@luongobellwoar.com

        STANLEY E. LUONGO, JR.    on behalf of Debtor Jeffrey B. Mele stan.luongo@luongobellwoar.com, nicole.werner@luongobellwoar.com

        THOMAS I. PULEO    on behalf of Creditor    Bank Of America, N.A. tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com

        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com

        TOTAL: 9

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Jeffrey B. Mele** | Social Security number or ITIN  **xxx–xx–7055** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Kimberlee D. Mele** | Social Security number or ITIN  **xxx–xx–4104** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of Pennsylvania** | | |
| Case number:   **13–19202–amc** | | |

# Order of Discharge                                                                                               12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Jeffrey B. Mele                                    Kimberlee D. Mele

1/25/18                                            **By the court:**     Ashely M. Chan
                                                                         United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

   ♦ debts that are domestic support obligations;

   ♦ debts for most student loans;

   ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**